UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GILBERT SAENZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-338 |
| | § | |
| IDS PROPERTY CASUALTY | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

This is an insurance coverage dispute arising from hail storm damage to Plaintiff Gilbert Saenz's home. The case was timely removed from state court on the basis of diversity jurisdiction, with Defendants'[1] allegation that the claims adjuster, Defendant Travis Vanderloop, was improperly joined. Before the Court is Plaintiff's Motion to Remand (D.E. 6). For the reasons set out below, the Court GRANTS the Motion.

Diversity jurisdiction requires the citizenship of all plaintiffs to be diverse from the citizenship of all defendants and the amount in controversy to exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. It is undisputed that the parties, with the exception of Defendant Vanderloop, are diverse and that the amount in controversy exceeds the sum of $75,000. D.E. 1, pp. 2-3; D.E. 1-3, pp. 2, 20; D.E. 6, p. 3. Therefore, the only issue for the Court is whether Defendant Vanderloop was improperly joined such that his non-diverse citizenship may be disregarded.

---

[1] Defendant ICA Adjusters, Inc. (ICA) removed this case with the consent of Defendant IDS Property Casualty Ins. Co. D.E. 1, p. 1. Defendants Travis Vanderloop and Jessica Uliana had not been served. The response to the Motion to Remand is filed on behalf of ICA by attorneys signing off as representing both ICA and Vanderloop.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999). Plaintiff alleges that Defendant Vanderloop knowingly misrepresented policy coverage, undervalued his claim, and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, making an executive decision that it should be denied. Plaintiff's causes of action are stated as: noncompliance with the Texas Insurance Code's unfair settlement prohibitions; common law fraud; and

Case 2:14-cv-00338 Document 9 Filed in TXSD on 10/17/14 Page 3 of 7

conspiracy to commit fraud. D.E. 1-3. *See e.g.,* TEX. INS. CODE §§ 541.002, 541.060, 541.151; *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998). Claims similar to those of Plaintiff have been held sufficient to defeat improper joinder claims in similar cases in all of the federal districts of Texas. *See e.g., Tenner v. Prudential Ins. Co. of Am.,* 872 F.Supp. 1571, 1574 (E.D. Tex. 1994); *Blanchard v. State Farm Lloyds,* 206 F.Supp.2d 840, 846–48 (S.D. Tex. 2001); *Russell v. State Farm Lloyds,* 2001 WL 1326501 (N.D. Tex. 2001) (mem.); *Bruner v. State Farm Lloyds,* 1999 WL 33290662 (W.D. Tex. 1999).

Defendants concede Plaintiff's argument that Defendant Vanderloop is a "person" subject to the requirements of the Texas Insurance Code. D.E. 8, p. 2. Instead, Defendants argue that (1) Vanderloop did not owe any duties to Plaintiff; (2) the Plaintiff's pleadings are factually insufficient to support a claim against Vanderloop; and (3) allegations of misrepresentation are not supported by actionable facts. Each of these arguments will be addressed in turn.

First, Defendants rely on *Natividad v. Alexis, Inc.,* 875 S.W.2d 695 (Tex. 1994), for the proposition that Defendant Vanderloop did not owe duties to Plaintiff regarding a good faith attempt to effectuate a prompt and fair settlement of a clear claim. *Natividad*, however, addressed the common law duty of good faith and fair dealing. The Fifth Circuit held that the holding in *Natividad* was limited to the common law duty it addressed and did not preclude actions against an insurance claims adjuster under Texas statutory provisions. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007) (citing *Garrison,* 966 S.W. 2d at 482). Defendants claim that Plaintiff's remaining

3 / 7

allegations concern duties that Defendant Vanderloop did not have. However, Plaintiff has made specific allegations against Defendant Vanderloop under the Texas Insurance Code. The Court rejects Defendants' first argument.

Second, Defendants' argument that Plaintiff has not satisfied pleading rules relies on *Griggs,* 181 F.3d at 694.[2] In *Griggs*, the only pleading reference to the non-diverse defendant was that she was the local agent for the insurance carrier. *Id*. at 699. There were no allegations of any wrongful conduct on her part, but rather a "mention in passing." *Id*. Under that pleading, devoid of any allegations other than status, the plaintiff had failed to show a reasonable possibility of recovery against the non-diverse defendant. The *Griggs* court found improper joinder and denied remand.

The plaintiff suffered the same fate in *Cortez v. Meritplan Ins. Co.,* 2013 WL 6835266, at *2 (S.D. Tex., Dec. 20, 2013). In *Cortez*, the plaintiff pled that the adjusting company had conducted a "faulty investigation" and acted outside the scope of its authority. While those allegations were deemed too broad to support a cause of action, the pleading here is more specific, complaining that Defendant Vanderloop undervalued the roof damage and failed to include other exterior and structural storm damage that Plaintiff argues should have been included in the claim. Thus *Cortez* does not apply.

---

[2] Defendants also cite *Terrell v. Ace European Group Ltd.,* No. 1:09-cv-506, slip op. at 6 (E.D. Tex. Feb. 24, 2010) (emphasis added). The *Terrell* case, according to Defendants' citation, relied on *Bailey v. State Farm Lloyd's,* No. Civ. A. H-00-3638, 2001 WL 34106907, at *5 (S.D. Tex. Apr. 12, 2001). Like *Griggs*, the *Bailey* case involved a pleading that did not allege any wrongful conduct on the part of the non-diverse defendants. In fact, in *Bailey*, those defendants were not even named in the body of the allegations.

Defendants' reliance on *Eagle Oil*[3] is also misplaced.  While there is some basis for Defendants' argument that a plaintiff must demonstrate the manner in which an insurance claim investigation was insufficient when the evidence otherwise shows that there was sufficient time to complete an adequate investigation or that a thorough investigation had been done, that burden is not a pleading burden.  Instead, it arises upon trial or, in the case of *Eagle Oil* and the *Maynard* opinion on which it is based, at summary judgment.

The adequacy of pleadings in federal court is governed by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  *Twombly* and *Iqbal* post-date most case law evaluating the sufficiency of a plaintiff's pleadings against a defendant who is alleged to have been fraudulently joined. So the sharp contrast between the new federal pleading rules and age-old Texas state requirements has not been evaluated in this context in the Fifth Circuit.  However, courts in the Southern District of Texas have held that state standards are applied to the evaluation of improper joinder claims when they are more lenient than federal standards. *E.g., Stevenson v. Allstate Texas Lloyd's,* No. 11–cv–3308, 2012 WL 360089, *3 (S.D. Tex. Feb. 1, 2012); *Edwea, Inc. v. Allstate Ins. Co.,* No. H–10–2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D. Tex. Dec. 8, 2010).  This Court agrees.

Under the Texas "fair notice" standard for pleading, the question is whether the opposing party can ascertain from the pleading the nature and basic issues of the

---

[3] *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.,* Civ. A. No. 12-00133, 2104 WL 3406686, at *22 (N.D. Tex. July 14, 2014) (citing *Maynard v. State Farm Lloyds,* 2002 WL 1461923, at *5 (N.D. Tex. July 2, 2002)).

controversy and what evidence will be relevant so as to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex.2000). The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. *E.g, Bowen v. Robinson,* 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

After reviewing the Plaintiff's Original Petition (D.E.1–3), the Court is of the opinion that the pleading adequately informs the Defendants of the issues such that discovery can be conducted and evidence can be developed in a proper defense. It thus satisfies the Texas pleading requirements. If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court. *E.g., Gray ex rel. Rudd v. Beverly Enterprises–Miss., Inc.,* 390 F.3d 400, 412 (5th Cir. 2004).[4] The Court rejects Defendants' second argument.

Third, Defendants argue that Plaintiff has failed to identify particular misrepresentations and that a cause of action based on misrepresentation cannot be shown because a post-loss representation defeats the reliance element. Because Plaintiff has alleged statutory causes of action in addition to misrepresentation, the Court need not reach this argument. An improper joinder challenge is defeated if any cause of action provides a basis for recovery. *Gray,* 181 F.3d at 694.

---

[4] In the event that the pleadings are deemed insufficient, the ordinary procedure would be to pierce the pleadings and make a determination on summary judgment-type evidence, which was not offered here. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401-02 (5th Cir. 2013). At all stages, the burden of proof remains on the Defendants. *Id.*

For these reasons, the improper joinder challenge is rejected, the Motion to Remand (D.E. 6) is GRANTED and the Court ORDERS this action be remanded to the 229th Judicial District Court, Duval County, Texas, the court from which it was removed.

ORDERED this 17th day of October, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE